SANFORD DOTSON, BY HIS NEXT FRIEND, C.. W. DOTSON, v.
FREDERICK EARLY.

(Filed 23 December, 1931.)

**Highways B g—In this case held: the question of contributory negligence
should have been submitted to the jury under the evidence.**

> Where the evidence discloses that the plaintiff, a fourteen-year-old boy,
> was attacked by a dog while attempting to cross a hard-surfaced high-
> way, and that the boy, while kicking at the dog, retreated towards the
> middle of the highway, which was straight for more than a hundred
> yards, and that the boy did not see the defendant's automobile approach-
> ing and was struck by it while in the middle of the highway, *Held:*
> the question of contributory negligence should be submitted to the jury,
> and the granting of the defendant's motion as of nonsuit is error, and *held
> further,* the evidence is sufficient to warrant the submission of the issue
> of the last clear chance.

CIVIL ACTION, before *Slack, J.,* at September Term, 1931, of BUN-
COMBE.

At the conclusion of plaintiff's evidence a judgment of nonsuit was
entered and the plaintiff appealed.

*Anderson & Howell for plaintiff.*
*Fortune & Fortune for defendant.*

BROGDEN, J. The plaintiff's evidence paints the following picture:
A fourteen-year-old boy in broad daylight sets out to the spring to get
a bucket of milk for his mother. The spring is on the opposite side of
an improved hard-surfaced highway. Procuring the milk, he starts back
across the road. The road is straight for more than one hundred yards.
Just as he reaches the shoulder of the road a feist, accompanied by
another dog, makes an attack upon the barefoot boy. The other dog
apparently takes no part in the unlawful ·assault but stands by giving
aid and comfort to the feist. The boy retreats toward the center of the
road, kicking at the pursuing feist. As the boy reaches the center of the
road, the defendant,· driving an automobile, traveling at the rate of
twenty-five miles an hour, struck the boy in the back or side, knocking
him to the pavement and inflicting injury. The boy did not see the
automobile until after the injury. An eye witness said: "I noticed
that Mr. Early did not make much effort to .drive around him and the
car struck the boy and knocked him down."

Ordinarily a scrap between a fourteen-year-old weaponless boy and
a feist would be a fair fight, and while a much used highway is a
dangerous place to stage the encounter, nevertheless it is the province
of a jury to say whether or not under all the circumstances the boy

was guilty of contributory negligence. Moreover, if a jury shall find that the negligence of the boy contributed to his injury, there is sufficient evidence in the record to warrant an issue of last clear chance. *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829; *Goss v. Williams,* 196 N. C., 213, 145 S. E., 169.

Reversed.